EUGENE A. HENDRICKSON *vs.* BRIDGET TRACY *et al.*

Submitted on briefs May 5, 1893. Decided June 6, 1893.

**Findings Supported by the Evidence.**

A finding of the court upon conflicting evidence *held* justified.

**New Trial for Newly-Discovered Evidence.**

Application for a new trial for newly-discovered evidence *held* not well supported; the party having gone to trial without seeking a postponement to enable him to ascertain the whereabouts, and procure the testimony, of a person known to be a material witness.

Appeal by plaintiff, Eugene A. Hendrickson, from an order of the District Court of Ramsey County, *J. J. Egan*, J., made September 12, 1892, denying his motion for a new trial.

The newly-discovered evidence on which the motion for a new trial was based, was that of George Wallbridge, that he witnessed a release by defendant, Bridget Tracy, of her mortgage on the residence lot, as well as the release of her mortgage on the business lot. At the time of the trial Wallbridge was at Prentice, Wisconsin, and plaintiff, after diligent inquiry, was unable to ascertain where he was. He has since learned his residence, and if a new trial should be granted, the personal presence of the witness could be secured at such new trial.

*James H. Foote* and *John D. O'Brien*, for appellant.

*Joseph Schroll*, for respondent.

DICKINSON, J. In January, 1889, the defendants Thomas and Lawrence Tracy owned two tracts of land in the city of St. Paul, one of which may be called the "residence lot," and the other the "business lot." At that time, and on the same day, they executed to the defendant Bridget Tracy, who is their mother, a mortgage of the residence lot to secure the payment of the sum of $1,500, and a separate mortgage of the business lot to secure the further sum of $1,500. In July following they executed to the London & Northwest American Mortgage Company, (Limited,) a mortgage covering both lots, to secure the repayment of $8,500, then loaned to them by that company. The latter mortgage was afterwards foreclosed; this plaintiff, who was a managing agent of the com-

pany, being the purchaser. He prosecutes this action to secure the cancellation of the $1,500 mortgage on the residence lot, upon the ground that it was released by the mortgagee, Bridget Tracy, at the time or prior to the execution of the $8,500 mortgage, for the purpose, as is claimed, of allowing the latter mortgage to have priority, and with the agreement that her mortgage security should be renewed subsequent to the execution of the $8,500 mortgage. The issue of fact in the case was as to whether she had executed a formal release of her mortgage on the residence lot. The court found that she had not. We are asked to reverse this determination on the ground that it was not justified by the evidence.

In view of all the evidence the finding of the court must be sustained. We shall not here set forth the evidence going to support the plaintiff's contention, but only briefly indicate the nature of that on the part of the defendants, by reason of which we think that the finding of the court, who heard the testimony and could best judge of the credibility of the witnesses, should be accepted as final.

It is an admitted fact that, on the occasion when it is claimed that Bridget Tracy executed the release in question, she did execute another instrument releasing her mortgage on the business lot. It is also an undisputed fact that, if a release of the mortgage on the residence lot was executed, it was a separate instrument from the other; so that if, in fact, she then executed only *one* instrument, the conclusion would be inevitable that she did not execute the release in question. Her own testimony was that she did not execute a release of this mortgage, and that she executed only one instrument, that being the release of the mortgage on the business lot. The notary public who took her acknowledgment thinks there was only one paper executed, although he is not positive. One Garlough, who was present, testifies that there was only one. To the same effect, and in positive terms, is the testimony of three sons of Bridget, two of whom were the mortgagors, and the third of whom appears to have subscribed his mother's name to the release which was then executed of the other mortgage. It must be admitted that the testimony of some of these witnesses, as it appears in the record, is not beyond criticism, but the opportunity of the trial court to judge of their credibility was better than ours. Besides, this evidence is the more credible from the facts that this

business was transacted, in behalf of the company in whose favor the release was made, if at all, by business men, who understood the importance of the instrument; and, while the other release was properly taken care of and placed on record, as we understand, the one here in question was never recorded, and the plaintiff was compelled to rely upon proof that after its delivery it had been lost. Besides this, the proof does not clearly show, if it shows at all, any agreement on the part of Mrs. Tracy, prior to the time when she executed whatever instruments she did execute, that she would release these mortgages. It is to be considered, too, that the burden of proof rested on the plaintiff.

The strongest circumstance in favor of the plaintiff is the fact that after the giving of the $8,500 mortgage (one, at least, of the $1,500 mortgages having been released) there was executed and placed on record a mortgage to Bridget for the sum of $3,000, covering both lots, and bearing date the same as her two former mortgages. Her explanation of that is that she did not know of the execution of this mortgage for that amount until long afterwards; and it appears that she was not present when it was prepared or placed on record.

Our conclusion is that the evidence was sufficient to support the finding of the court.

Upon the point that the mortgage on the residence lot was void for uncertainty in the description of the premises, it is only necessary to say that the action was evidently not brought to avoid the mortgage upon that ground. That was not the subject of this litigation.

There was no error in refusing the motion for a new trial, so far as it was based on the ground of newly-discovered evidence. The importance of the testimony of Wallbridge, who was a subscribing witness to the execution of the other release, was known when the case came on for trial; yet the plaintiff does not appear to have sought a postponement of the trial to enable him to ascertain the whereabouts, and to secure the testimony, of that person. This is a sufficient reason to support the ruling of the court.

Order affirmed.

VANDERBURGH, J., being absent, did not take part in this decision.

(Opinion published 55 N. W. Rep. 622.)